Argued July 8, dismissed for want of jurisdiction
September 21, 1966

## STATE OF OREGON *v.* TRAVIS GOULD ET AL

418 P. 2d 262

*A. Richard Grant,* Deputy District Attorney, Portland, argued the cause for appellant. With him on the briefs was George Van Hoomissen, District Attorney, Portland.

*Theodore S. Bloom,* Portland, argued the cause and filed a brief on behalf of Leonard Richardson.

Before McALLISTER, Chief Justice, and O'CONNELL, GOODWIN, LUSK and HAMMOND, Justices.

PER CURIAM.

The state appeals a judgment which dismissed a purported appeal to the circuit court from a district court judgment. We do not reach the merits of the questions tendered because we do not have jurisdiction of this appeal.

The original proceedings were commenced by misdemeanor complaints in district court which charged Travis Gould and Mary Williams with unlawfully selling liquor. Those named defendants were convicted, and the state moved (orally) under ORS 471.610 for the forfeiture of certain personal property allegedly involved in the illegal transactions.

At a hearing upon the state's oral motion, Leonard Richardson, a stranger to the record, apparently visited the courthouse and asked that the property in question be turned over to him, as owner. The district court complied with Richardson's request. Instead of bringing a timely petition for a writ of review, the state attempted to appeal the district court's order to the circuit court. Richardson meanwhile had never filed an appearance in any court.

In due course, Richardson did appear in the circuit court and moved to dismiss the appeal. This motion was allowed, upon the ground that the case was a criminal proceeding from which an appeal would not lie. There are a number of interesting questions thus presented, but we need not discuss them because it is clear that, regardless of the chaos below, there is no appeal properly before this court.

The record reveals that the state has attempted to appeal to this court without ever serving a notice of appeal upon Travis Gould or Mary Williams, the only defendants of record. (Richardson appeared by

counsel in this court to argue that the appeal should be dismissed. Insofar as the record shows, he appears as a bystander, although he designated himself as an "intervenor" for the purposes of filing a brief.) Accordingly, this court has no jurisdiction of the purported appeal, and it is dismissed.